UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| IMAM JESUS RASHI ALLIZAR, | ) | CASE NO. 1:05 CV 1865 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| REGINALD WILKINSON, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

On July 27, 2005, plaintiff pro se Imam Jesus Rashi Allizar filed the above-captioned action under 42 U.S.C. § 1983 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Reginald Wilkinson, North Region Religious Services Administrator Reverend Gary Sims, Sr., and Grafton Correctional Institution ("GCI") Warden Carl Anderson. In the complaint, plaintiff alleges he has been denied the right to free exercise of his religious beliefs and has been denied appropriate medical care. He seeks monetary, and injunctive relief.

***Background***

Mr. Allizar practices the Zion Rastafari Muslim religion, which forbids followers, as a basic tenet, to cut their hair, shave their beards or utilize combs, razors or scissors. He claims practitioners are encouraged to grow "holy locks," also known as "dread locks." (Compl. at 5.) The ODRC Grooming Code prohibits inmates from wearing their hair in this style. He challenges this policy as an infringement on his ability to freely practice his religion.

Mr. Allizar further alleges the prison favors Christianity over other forms of religion. He claims GCI promotes fund raising activities of Christian ministries such as Promise Keepers while not supporting other faiths in a similar manner. He asserts that this practice also violates his First Amendment rights.

Finally, Mr. Allizar contends that he is being denied appropriate medical care due to his religious practices. He indicates that during a routine test, he was notified that his "PSA levels" were elevated to a level indicating the possible presence of prostate cancer. (Compl. at 7.) He claims he is 65 years old, and has a family history of similar medical conditions. Mr. Allizar states that because he wears his hair in "holy locks," he is being denied transport to a medical facility for further testing. He states he is being required to choose between his religious beliefs and his medical treatment, in violation of the First and Eighth Amendments.

## *Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such

particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance. Grievances against the Warden must be filed directly to the Office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(L). The decision of the Chief Inspector or designee is final. OHIO ADMIN. CODE § 5120-9-31(L).

To demonstrate exhaustion of administrative remedies and compliance with 42 U.S.C. §1997e, Mr. Allizar attaches several documents to the complaint. He provides a copy of his Request to Consider Accommodation of Religious Practice dated April 30, 2003. The Warden denied the request on May 16, 2003. Mr. Allizar filed an Informal Complaint Resolution form on December 7, 2004 with the GCI chaplain, stating his objection to the policy prohibiting inmates from growing "holy locks." The chaplain responded by saying, you must appeal the Warden's decision to Gary Sims, Central Office, Religious Services Administrator." (Compl. Ex. Inf. Compl. Res. dated Dec. 7, 2004). He includes a copy of a letter he sent to Mr. Sims, objecting to the policy prohibiting "holy locks." Mr. Sims sent a letter to Mr. Allizar on February 8, 2004 denying his request to wear "holy locks." He also includes a letter from Correctional Institution Inspection

3

Committee Member Adam Jackson, informing Mr. Allizar that he could utilize the prison grievance system to raise his religious concerns. No other grievance forms are attached to the complaint.

There is no indication that Mr. Allizar exhausted his administrative remedies for each of the claims he asserts in the complaint. He has not submitted any of these claims through the entire grievance process. None of the documents raises his concerns about the promotion of Christianity over other religions within GCI, or his claim that he is being denied appropriate medical care. As the Warden is named as a defendant in this matter, claims asserted against him would have to be exhausted directly with the Chief Inspector. There is no suggestion that Mr. Allizar has completed these steps prior to filing in federal court. Consequently, this action must be dismissed

### *Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 28 U.S.C. §1997e. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: August 8, 2005

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.